IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-76,132-01 and WR-76,132-02






EX PARTE ROBERT GORDEN BULLOCK, Applicant








ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS


CAUSE NOS. 04-CR-16,243-A and 04-CR-16,244-A IN THE 123rd DISTRICT COURT


FROM SHELBY COUNTY






 Per curiam.


O P I N I O N



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for a writ of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was twice convicted of
aggravated sexual assault of a child and sentenced to twenty years' imprisonment in each case. 

 Applicant contends that his counsel rendered ineffective assistance because he failed to
timely file notices of appeal. We remanded these applications to the trial court for findings of fact
and conclusions of law.

 The trial court has determined that counsel failed to timely file notices of appeal. We find
that Applicant is entitled to the opportunity to file out-of-time appeals of the judgments of 
conviction in Cause Nos. 04-CR-16,243-A and 04-CR-16,244-A from the 123rd District Court of
Shelby County. Applicant is ordered returned to that time at which he may give written notices of
appeal so that he may then, with the aid of counsel, obtain meaningful appeals. Within ten days of
the issuance of this opinion, the trial court shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall immediately
appoint an attorney to represent Applicant on direct appeal. All time limits shall be calculated as if
the sentences had been imposed on the date on which the mandate of this Court issues. We hold
that, should Applicant desire to prosecute any appeals, he must take affirmative steps to file written
notices of appeal in the trial court within 30 days after the mandate of this Court issues.

 Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional
Institutions Division and Pardons and Paroles Division. 


Delivered: June 12, 2013

Do not publish